```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| LUIS M. DIAZ | : | |
| | : | |
| v. | : | Civil Action No. DKC 2007-2406 |
| | : | |
| EARTHAULER TRUCKING, INC., et al. | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are motions to remand filed by Plaintiff and one of the Defendants.  For the reasons that follow, this case will be remanded to the Circuit Court for Prince George's County.

This case was removed on September 11, 2007, from the Circuit Court for Prince George's County by one of the defendants, Ox Bodies, Inc., invoking this court's diversity jurisdiction and based on an amended complaint joining it as a defendant.  The original complaint named only one defendant, Earthauler Trucking, Inc.  That defendant had filed an Answer in the Circuit Court on February 7, 2007, and did not exercise any right it might have had to remove at the time.[1]  The removal notice filed by Ox Bodies did not contain or refer to consent by either of the other two defendants.  After a telephone conference, and the filing of responses to the court's standing order concerning removal, two

---

[1] As a Maryland citizen, Earthauler Trucking, Inc. did not have a right to remove the case based on diversity jurisdiction. 28 U.S.C. § 1441(b).

motions were filed to remand this case.  First, Plaintiff filed a motion contending that, under the Rule of Unanimity, the absence of consent by both Earthauler Trucking and Mountain International defeated removal and further, the presence of a Maryland defendant precluded removal. (Papers 18 and 19).  The next day, Earthauler Trucking, Inc. filed its own motion to remand, stating explicitly that it had not consented to removal. (Paper 20).  Mountain International Trucks, Inc. consented to removal on October 16, 2007.  (Paper 21).  In its opposition to the Motion for Remand (Paper 22), Ox Bodies, Inc. contends that only the claim of Earthauler Trucking should be remanded, and the claims against the other two defendants may remain here.  It relies on *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 508 n.4 (E.D. Va. 1992), for the proposition that a separate and independent claim may remain in federal court.  It also contends that the continuation of the claim against Earthauler Trucking is merely an attempt to defeat removal. Plaintiff, in reply, asserts that Mountain International Truck's consent is untimely, the claim against Earthauler Trucking is not separate and independent from the other claims, and that the claim against Earthauler remains viable.

   For several reasons, this case must be remanded. First, the consent of Mountain International Truck was not timely.  It was served on September 7, 2007, and did not file its consent until October 16, 2007, more than thirty days later.   Second, the

2

presence of a Maryland defendant who does not consent to removal defeats removal jurisdiction. Its presence cannot be ignored unless its joinder in the action was "fraudulent," and the burden is on the removing party to so demonstrate. *Smallwood v. Illinois Central R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003)(citing *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146 (1914)). Furthermore:

> When a plaintiff tactically names a non-diverse defendant to defeat diversity jurisdiction, the defendant may invoke the judicially created doctrine of fraudulent joinder to remove the case to federal court. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). This doctrine allows a district court to dismiss a nondiverse defendant and assume jurisdiction over the case. *Mayes*, 198 F.3d at 461; *Marshall*, 6 F.3d at 232; *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). Fraudulent joinder may apply to "each defendant named by the plaintiff either in the original complaint or anytime prior to removal." *Mayes*, 198 F.3d at 461 n. 8 (emphasis added) (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)). The term suggests but does not require a showing of actual fraud. *Mayes*, 198 F.3d at 461 n. 8.
> The removing party who claims fraudulent joinder must demonstrate either that: "'[1] there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [2] that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Id.* at 464 (quoting *Marshall*, 6 F.3d at 232 (4th Cir. 1993)); *see also Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The first ground for declaring a fraudulent joinder (i.e., the "no possibility" of prevailing standard) requires the removing party to demonstrate either "that no cause of

3

>action is stated against the nondiverse defendant, *or in fact no cause of action exists.*" *AIDS*, 903 F.2d at 1003 (4th Cir. 1990) (emphasis added); *see also Mayes*, 198 F.3d at 463-64. This involves the heavy burden of showing "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Mayes*, 198 F.3d at 464; *see also Hartley*, 187 F.3d at 424.

*Carter v. Hitachi Koki U.S.A., Ltd.*, 445 F.Supp.2d 597, 600 (E.D.Va. 2006). The removing defendant has utterly failed to make the necessary showing.

Finally, the separate and independent ground for removal does not apply to diversity actions, but only to actions predicated on federal question jurisdiction. 28 U.S.C. § 1441(c)("Whenever a separate and independent claim of cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.")

A separate order will be entered.

           /s/
    DEBORAH K. CHASANOW
    United States District Judge

4